**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
        ykrivoshey@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. JAUREGUI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA EASTERN AIRLINES CORPORATION LIMITED,<br><br>Defendant. | Case No. 2:20-cv-04552<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Carlos A. Jauregui ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of his counsel and upon information and belief, except as to Plaintiff's allegations regarding his own actions which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit regarding Defendant China Eastern Airlines Corporation Limited ("China Eastern" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of its international and United States flights. However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. As a result of the coronavirus pandemic, China Eastern suspended flights to and from the United States.[1] China Eastern's customers who, like Plaintiff, were affected by the cancellations, have sought refunds from Defendant, to no avail.[2]

4. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a

---

[1] https://www.cnn.com/2020/02/03/business/china-eastern-coronavirus/index.html (last visited 5/19/20).
[2] https://www.nytimes.com/2020/02/04/travel/coronavirus-travel-plans.html (last visited 5/19/20).

result of government restrictions)."³  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.⁴

5. On May 12, 2020, the DOT issued a Second Enforcement Notice, which stated the following:

(a) The DOT reiterated that "airlines have an obligation to provide a refund to a ticketed passenger when the carrier cancels or significantly changes the passenger's flight, and the passenger chooses not to accept an alternative offered by the carrier."⁵

(b) Online travel agencies are required to provide a "prompt refund" when "(i) an airline cancels or significantly changes a flight, (ii) an airline acknowledges that a consumer is entitled to a refund, and (iii) passenger funds are possessed by a ticket agent."⁶

(c) "The refund policy in place at the time the passenger purchased the ticket is the policy that is applicable to that ticket."⁷

(d) "Airlines and ticket agents can offer consumers alternatives to a refund, such as credits or vouchers, **so long as the option of a**

---

³ DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed May 15, 2020) (hereinafter "DOT NOTICE") (emphasis added).
⁴ See id.
⁵ DEP'T OF TRANSP., FREQUENTLY ASKED QUESTIONS REGARDING AIRLINE TICKET REFUNDS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL 1 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed May 15, 2020) (hereinafter "DOT SECOND NOTICE").
⁶ Id. at 2.
⁷ Id.

|    |    |    |
|----|----|----|
| 1  |    | **refund is also offered and clearly disclosed** if the passenger is entitled to a refund."[8] |
| 2  |    |    |
| 3  | (e) | "For airlines, 'prompt' is defined as being **within 7 business days** if a passenger paid by credit card, and **within 20 days** if a passenger paid by cash or check."[9] |

6. Defendant China Eastern is the second largest airline in China. China Eastern's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.[10]

7. Plaintiff, like many other travelers, was scheduled to fly with China Eastern. As part of Plaintiff's trip, Plaintiff was to embark on a departing flight from or destined for the United States: a departing flight from Los Angeles, California to Shanghai, China, and a return flight from and from Shanghai to Los Angeles.

8. Plaintiff purchased his flight tickets through ExploreTrip.com.

9. Plaintiff's return flight was cancelled by China Eastern due to the coronavirus travel restrictions.

10. Plaintiff has not been refunded by China Eastern for his cancelled flight.

11. China Eastern was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when it cancelled his flight.

12. China Eastern also represents in its Contract of Carriage that:

   **11.4 Involuntary Refunds**

   If any circumstance under Article 3.3.1 hereof causes a Passenger to apply for a refund, the amount of the refund shall be:

---

[8] *Id.* at 3 (emphasis added).
[9] *Id.* (emphasis added).
[10] Harry Suhartono and Anurag Kotoky, *Big Three Chinese airlines Lost $2 Billion as Virus Kills Travel*, BLOOMBERG, Apr. 29, 2020, https://www.bloomberg.com/news/articles/2020-04-29/big-three-chinese-airlines-lost-2-billion-as-virus-kills-travel (last accessed May 19, 2020).

CLASS ACTION COMPLAINT                                                        3

        11.4.1 If the Ticket has not been used, an amount equal to the full fare and taxes with no charges for refund service;

        11.4.2 If the Ticket has been partly used, an amount including the higher between the remainder of the paid fare with the fare applicable to the used flight segments deducted and the fare of the unused flight segments, which shall not exceed the original paid fare of the Ticket, and the unused taxes to be refunded with no charges for refund service.[11]

13. Article 3.3.1.1 cites one such involuntary refund as where China Eastern "cancels the flight on which a Passenger holds a confirmed seat."[12]

14. China Eastern's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[13] The DOT Enforcement Notice applies to "U.S. and foreign airlines."[14]

15. China Eastern's consumers have excoriated China Eastern's refusal or failure to provide its customers with refunds. For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

//
//
//
//
//
//
//

---

[11] CHINA EASTERN GENERAL CONDITIONS OF INTERNATIONAL CARRIAGE FOR PASSENGER AND BAGGAGE § 11.4, https://us.ceair.com/newCMS/us/en/content/en_Header/headerBottom/service/Infomation/ticket/201903/t20190305_2973.html (last accessed May 19, 2020).
[12] *Id.* § 3.3.3.1
[13] DOT NOTICE
[14] *Id.*

May 8, 2020 Review:[15]



April 2020 Review:



//
//
//
//
//
//

---

[15] CHINA EASTERN REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729050-Reviews-China-Eastern-Airlines#REVIEWS (last accessed May 19, 2020).

CLASS ACTION COMPLAINT                                                                 5

April 2020 Review:

> **Chris S** wrote a review Apr 2020
> Moss Beach, California • 5 contributions • 2 helpful votes
>
> ●○○○○   San Francisco - Chengdu  International  Economy
>
> **Cancelled flight because of coronavirus, refuse to give a refund**
>
> When they cancelled the flight, they told me on the phone I would get a refund. Months have gone by and now they don't answer the phone and still haven't given the refund. We all understand it's a chaotic time so I can understand not being able to answer the phones right now, but they already did tell me they would refund me. Over 2 months have passed and still no refund.
> Read less ▲

16.   Plaintiff brings this action on behalf of himself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) breach of contract, (iv) money had and received, and (v) violation of California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq*.

## PARTIES

17.   Plaintiff Carlos A. Jauregui is a citizen of the State of Arizona and resides in Tucson, Arizona.  Plaintiff purchased round-trip tickets from ExploreTrip.com for flights on China Eastern that included flights to and from the United States:  a departing flight from Los Angeles, California to Shanghai, China, and a return flight from Shanghai to Los Angeles.  Plaintiff was to depart for Shanghai on January 30, 2020, and to return to Los Angeles on February 3, 2020.  Plaintiff paid approximately $629.34 for the round-trip ticket.  Plaintiff's return flight to Los Angeles was cancelled by China Eastern due to the coronavirus, COVID-19.

//
//
//
//

1
2
3
4
5
6
7
8
9
10
11
12



13   18.   Plaintiff has not been refunded by China Eastern for his return flight.

14   19.   Defendant China Eastern Airlines Corporation Limited is a corporation organized under the laws of China with its headquarters in Shanghai, China. Defendant China Eastern conducts substantial business throughout the United States and in the State of California.

## JURISDICTION AND VENUE

20.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

21.   This Court has personal jurisdiction over this action because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

27
28

CLASS ACTION COMPLAINT                                                         7

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, as a foreign corporation, Defendant may be sued in any judicial district.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on a China Eastern Airlines Corporation Limited flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded (the "Class").

24. Plaintiff also seeks to represent a subclass of all Class members whose flights were either departing from or destined for California and were either cancelled or significantly delayed by China Eastern (the "Subclass").

25. Collectively, the Class and Subclass shall be referred to as the "Classes."

26. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Classes may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

27. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28. **Numerosity.** The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there

are hundreds of thousands of individuals that are members of the proposed Classes. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Classes is known by Defendant. Members of the Classes may be notified of the pendency of this action by mail and/or publication through Defendant's records and those of third-party vendors.

29. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all members of the Classes, paid for a China Eastern flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Classes, has been damaged by Defendant's misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

30. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

(a) Whether China Eastern failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether China Eastern breached its contract with Plaintiff and members of the Classes by failing to issue cash refunds for flights cancelled by Defendant;

(c) Whether China Eastern is liable to Plaintiff and the Classes for unjust enrichment;

(d) Whether China Eastern unlawfully converted money from Plaintiff and members of the Classes; and

CLASS ACTION COMPLAINT                                                                 9

(e) Whether Plaintiff and the Classes are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

31. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that are antagonistic to those of the Classes.

32. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Classes is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

33. In the alternative, the Classes may be certified because:

(a) the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or

substantially impair or impede their ability to protect their interests; and/or

(c) Defendant have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Classes as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

34. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

35. Plaintiff brings this claim on behalf of himself and members of the Classes.

36. Plaintiff and the Classes conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to significant schedule change by China Eastern.

37. Defendant has knowledge of these benefits.

38. Defendant voluntarily accepted and retained these benefits. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

39. Because these benefits were obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by China Eastern, it would be unjust and inequitable for the Defendant to retain them without paying the value thereof.

### COUNT II
### Conversion

40. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

41. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

42. Plaintiff and members of the Classes have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

43. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Classes paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by China Eastern.

44. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Classes suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by China Eastern, and in the amount of consequential damages resulting therefrom.

### COUNT III
### Breach of Contract

45. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

46. Plaintiff brings this claim on behalf of himself and members of the Classes.

47. Defendant entered into contracts with Plaintiff and members of the Classes to provide services in the form of flights in exchange for a set amount of money.

48. Plaintiff and members of the Classes performed by paying the airline ticket fees for the flights before they were cancelled.

49. Defendant has breached these contracts by retaining Plaintiff and members of the Classes' airline ticket fees while not providing flight services.

50. Plaintiff and members of the Classes have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
### Money Had And Received

51. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52. Plaintiff brings this claim individually and on behalf of the proposed Classes against Defendant.

53. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Classes.

54. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Classes.

55. Defendant obtained money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Classes. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Classes were supposed to be passengers on.

## COUNT V
### Violation Of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*

56. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

58. Pursuant to the Code of Federal Regulations, 14 C.F.R. § 259.5(b)(5), Defendant was required to issue a prompt refund to Plaintiff and Subclass members

whose flights Defendant cancelled or significantly delayed within seven days if a passenger paid by credit card and within 20 days if a passenger paid by cash or check.[16]

59. Defendant has failed to issue a prompt refund to Plaintiff and Subclass members.

60. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* as to Plaintiff and the Subclass by engaging in unlawful conduct.

61. As a direct and proximate result of Defendant's unfair practices, Plaintiff and Subclass members were deprived of their benefit of the bargain with Defendant and have suffered substantial injury in fact, and lost money and/or property. The injuries suffered by Plaintiff and Subclass members include, but are not limited to, the price of their flight tickets.

62. Plaintiff and the other Subclass members could not have reasonably avoided the injury each of them suffered.

63. Pursuant to California Business and Professional Code § 17203, Plaintiff and the Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to: (a) provide restitution to Plaintiff and the other Subclass members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff's and the Subclass' attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Classes, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Classes and appointing Plaintiff and his Counsel to represent the Classes;

---

[16] DOT SECOND NOTICE at 3.

|   |   |   |
|---|---|---|
| 1 | (b) | An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Classes for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom; |
| 4 | (c) | An Order of disgorgement of wrongfully obtained profits; |
| 5 | (d) | An award of compensatory, statutory, and punitive damages, in an amount to be determined; |
| 7 | (e) | An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law; |
| 9 | (f) | Interest on all amounts awarded, as allowed by law; and |
| 10 | (g) | Such other and further relief as this Court may deem just and proper. |

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 20, 2020             Respectfully Submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
            Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiff*